IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARK GERAGHTY WONDERS, )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>JOHN McHUGH, )<br>Secretary of the Army, )<br>)<br>  Defendant. ) | CASE NO. 1:13-cv-940-WKW-WC |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is Defendant's Motion to Dismiss and Brief in Support (Doc. 11), Plaintiff's Response in Opposition (Doc. 13), and Defendant's Reply (Doc. 16). The District Judge referred this case to the undersigned Magistrate Judge[1] "for all pretrial proceedings and entry of any orders or recommendations as may be appropriate." Order (Doc. 4). After a review of Defendant's Motion to Dismiss and all supporting briefs, and for the reasons that follow, the undersigned RECOMMENDS that Defendant's Motion to Dismiss (Doc. 11) be GRANTED.

---

[1] This case was initially referred to Magistrate Judge Terry F. Moorer. Two days later, Judge Moorer was removed, and the undersigned was assigned as the Magistrate Judge referred to this case.

I.   BACKGROUND

The court has carefully considered the pleadings in this case and all documents submitted in support of, and in opposition to, Defendant's Motion to Dismiss.[2] The submissions of the parties, viewed in the light most favorable to the non-moving party, establish the following relevant facts:

Plaintiff previously worked as a civilian employee at Fort Rucker. *See* Compl. (Doc. 1) at 1-2. Following a dispute or series of disputes at work,[3] Plaintiff filed a number of complaints against his supervisor. *Id.* at 2. At some point, Plaintiff was barred from Fort Rucker. *Id.* During the complaint process, Plaintiff filed requests, pursuant to the Freedom of Information Act ("FOIA"), for documents relating to the decision to bar him from Fort Rucker. *Id.* Plaintiff apparently received a "no records" certificate in response to one or more of these FOIA requests. *Id.*

Plaintiff later filed a separate Title VII case in this court also based on his employment at Fort Rucker. *Id.* During the pendency of discovery in that case, which also named John McHugh as a defendant, Plaintiff claims that Defendant turned over

---

[2] "Ordinarily, we do not consider anything beyond the face of the complaint and documents attached thereto when analyzing a motion to dismiss. *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368 (11th Cir. 1997). This court recognizes an exception, however, in cases in which a plaintiff refers to a document in its complaint, the document is central to its claim, its contents are not in dispute, and the defendant attaches the document to its motion to dismiss." *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007) (citing *Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999). In the present case, Plaintiff referenced the EEO administrative record in his Complaint. These documents are central to Plaintiff's claim, the contents are not in dispute, and Defendant attached the documents to the Motion to Dismiss. Accordingly, the court considers the EEO administrative record.

[3] This is Plaintiff's fourth federal case brought as a result of these disputes. *See Wonders v. Mitchell*, 1:11-cv-1004-WKW-TMF; *Wonders v. Crutchfield*, 1:12-cv-514-WKW-SRW; *Wonders v. McHugh*, 1:12-cv-817-WKW-WC; *Wonders v. McHugh*, 1:13-cv-940-WKW-WC.

documents that were responsive to the FOIA request Plaintiff previously made to which he was told no records existed. *Id.*

On October 4, 2013, Plaintiff filed a new Equal Employment Opportunity ("EEO") complaint alleging that the issuance of the allegedly false "no records" certificate was an act of retaliation for prior protected activity in violation of Title VII. Ex. 1 (Doc. 11-1) at 2-6. On October 30, 2013, the Department of the Army issued a final agency decision dismissing Plaintiff's complaint. Ex. 2 (Doc. 11-2) at 2-9. On November 13, 2013, Plaintiff appealed the final agency decision to the Equal Employment Opportunity Commission Office of Federal Operations ("EEOC OFO"). Ex. 3 (Doc. 11-3). On December 23, 2013, forty days after filing the appeal and before the EEOC OFO issued a decision on the appeal, Plaintiff filed this this action alleging violation of Title VII. Compl. (Doc. 1) at 1-4. On January 2, 2014, the EEOC OFO sent Plaintiff a letter stating that Plaintiff's appeal "is being closed because you requested withdrawal of the appeal." Ex. 4 (Doc. 11-4) at 2.

Plaintiff requests relief in the form of a "1) A Federal criminal investigation into the aforementioned allegations taken against the Plaintiff by all aforementioned Fort Rucker officials; 2) A de novo Federal Court review of the Plaintiff's bar to Fort Rucker to ensure compliance with the Department of Defense Instruction 5200.08; 3) Three hundred thousand dollars ($300,000.00) in punitive damage; 4) Fifteen thousand dollars ($15,000.00) in compensatory damages for out-of-pocket cost resulting in loss of on-post

earned retiree benefits; 6) Reimbursement of all back pay and all withdrawn TSP (including withdrawal penalties and interest) since May 2010." Compl. (Doc. 1) at 3-4.

## II. DISCUSSION

Defendant moves the court to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). Thus, a federal court "should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings" and, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

### *Lack of Subject Matter Jurisdiction Based on the Failure to Exhaust Administrative Remedies*

Defendant argues that "Plaintiff's complaint should be dismissed for failure to exhaust his administrative remedies." Def.'s Br. (Doc. 11) at 10. Specifically, Defendant argues that "[o]nce an employee files an appeal of the agency final decision, he may file suit in district court only after 180 days have passed from the date of filing the appeal if there has been no final decision," but, here, Plaintiff filed this judicial action and withdrew his appeal before 180 days passed from the date of appeal. *Id.* at 11.

4

In a Title VII action,[4] a challenge to the exhaustion of administrative remedies is a challenge to subject matter jurisdiction of the court. *Brown v. Snow*, 440 F.3d 1259, 1263 (11th Cir. 2006) (quoting *Crawford v. Babbitt*, 186 F.3d 1322, 1326 (11th Cir. 1999) ("A federal employee must pursue and exhaust h[is] administrative remedies as a jurisdictional prerequisite to filing a Title VII action.")). This court is "obligated to inquire into subject matter jurisdiction . . . whenever it may be lacking." *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005).

The Eleventh Circuit has clearly articulated the exhaustion requirements relevant in this case:

> Both federal statutes and EEOC regulations require a federal employee to exhaust an administrative process before filing a civil complaint of discrimination in the workplace. An aggrieved federal employee first must file a formal complaint with the agency that allegedly discriminated against him. 29 C.F.R. § 1614.106(a). After the agency has rendered a final decision, the employee has the option to appeal the decision of the agency to either the federal district court or the EEOC. 42 U.S.C. § 2000e-16(c). If the employee appeals to the EEOC and the EEOC does not issue a decision within 180 days, the employee may file a complaint in the district court. *Id.*; 29 C.F.R. § 1614.407(d).

---

[4] Plaintiff concludes the body of his Complaint by stating, "These charges are now brought forth before this [court] under Title VII of the Civil Rights Act of 1964 and in accordance with 29 CFR § 1614." Compl. (Doc. 1) at 3. Although the Complaint also references a conspiracy, as well as violations of "[d]ue [p]rocess, FOIA, the Privacy Act, and Federal Laws regarding falsifying official documents," *id.*, the court finds that, to the extent Plaintiff intended to raise these claims, they are not properly pled. Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While Plaintiff uses the legal words of conspiracy, due process, FOIA, Privacy Act, and "federal laws regarding falsifying official documents," he provides nothing to substantiate a claim under any of these legal theories. Therefore, none of these claims were properly pled. Additionally, the court notes that, although Plaintiff proceeds *pro se*, he was previously warned in great detail about the pleading requirements in federal court. *See Wonders v. Crutchfield*, 1:12-cv-514-WKW-SRW, Docs. 36, 38, 49. Thus, the court considers only the properly-pled Title VII claim.

*Brown*, 440 F.3d at 1262-63.

Here, Plaintiff filed a formal complaint against Defendant and received an unfavorable final agency decision. At that time, Plaintiff had the option to appeal that decision to either the federal district court or to the EEOC OFO. Plaintiff did not choose federal court and, instead, appealed the decision to the EEOC OFO on November 13, 2013. As a consequence of that decision, Plaintiff was required to allow the EEOC OFO to fully investigate and resolve the dispute. Specifically, this required Plaintiff to wait to file a federal suit until 180 days had passed from the date of appeal without issuance of a decision by the EEOC OFO. *See* 29 C.F.R. § 1614.407(d). However, just 40 days after filing the appeal and prior to the issuance of a decision on the appeal, Plaintiff filed this action on December 23, 2013.

"To determine whether an employee failed to exhaust his administrative remedies, we consider whether 'the complainant made a good faith effort to comply with the regulations and, particularly, to provide all the relevant, specific information available to him or her.'" *Brown*, 440 F.3d at 1263 (quoting *Wade*, 796 F.2d at 1376; *Crawford*, 186 F.3d at 1326). When an employee terminates his appeal from the EEOC before 180 days pass from the filing of the appeal, the employee "cannot be said to have cooperated in good faith." *Lawrence v. G-UB-MK Contractors*, 262 F. App'x 149, 153-54 (11th Cir. 2008); see also *Harrington v. Bottorff*, 2012 WL 5379200, *5 (N.D. Ala. Oct. 31, 2012).

Plaintiff's only response to the challenge of subject matter jurisdiction in this case is that "Plaintiff never withdrew [his appeal]," and rather that Plaintiff "timely notified [the EEOC OFO] of case transfer." Pl.'s Br. (Doc. 13) at 8. When Plaintiff notified the EEOC OFO of his federal suit, regardless of whether Plaintiff "withdrew" his appeal or notified the EEOC OFO of a "transfer" of his case, the result was the same. Because Plaintiff terminated his appeal after only 40 days, he cannot be said to have cooperated in good faith. *See Lawrence*, 262 F. App'x at 153-54. Therefore, Plaintiff failed to exhaust his administrative remedies, and this court has no subject matter jurisdiction over Plaintiff's claims. "[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala.*, 168 F.3d at 410.

## IV. CONCLUSION

For the reasons stated above, it is the RECOMMENDATION of the Magistrate Judge that Defendants' Motion to Dismiss (Doc. 11) be GRANTED for lack of subject matter jurisdiction.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **August 20, 2014**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 6th day of August, 2014.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE